# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION


THOMAS DOBOSZ,)
      )
      Plaintiff,    )
      )
      vs.      ) No. 2:15 CV 00203
      )
QUAKER CHEMICAL     )
CORPORATION,     )
      )
      Defendant.    )


The deposition of MICHELLE CARTER, called by

Plaintiff Thomas Dobosz for examination, taken pursuant

to notice and pursuant to the Federal Rules of Civil

Procedure for the United States District Courts

pertaining to the taking of depositions, taken before

Jessica M. Warner Phipps, Registered Professional

Reporter and Notary Public, at 9191 Broadway,

Merrillville, Indiana, commencing at

9:51 a.m. on the 3rd day of Febuary, A.D., 2016.

Michelle Carter                                  Dobosz vs. Quaker Chemical Corporation

APPEARANCES:

    LAW OFFICE OF RONALD F. LAYER, P.C.
    MR. RONALD F. LAYER
    3235 45th Street
    Suite 304
    Highland, Indiana 46322
    Telephone: (219) 924-4511
    E-mail: rfl@layerlaw.com


            On behalf of the Plaintiff;


    FOX ROTHSCHILD, LLP
    MR. DAVID J. GARRAUX
    625 Liberty Avenue
    29th Floor
    Pittsburgh, Pennsylvania 15222
    Telephone: (412) 394-6585
    E-mail: dgarraux@foxrothschild.com


    QUAKER CHEMICAL CORPORATION
    MS. MICHELLE TAN-TORRES
    One Quaker Park
    901 East Hector Street
    Conshohocken, Pennsylvania 19428
    Telephone: (610) 832-7843
    E-mail: torresmi@quakerchem.com


    BURKE COSTANZA & CARBERRY
    MR. TERENCE M. AUSTGEN
    9191 Broadway
    Merrillville, Indiana 46410
    Telephone: (219) 769-1313
    E-mail: austgen@bcclegal.com


            On behalf of the Defendant.


                *  *  *  *  *  *

assuming for the moment Quaker wasn't aware of his permanent restrictions 2005 through 2008, in January of 2009, they were aware of his permanent restrictions, were they not?

A. I don't see anything in here that says those restrictions are permanent.

Q. Did anyone inquire, to your knowledge?

A. Not to my knowledge.

Q. What was the purpose for sending him there, was it to find out what his limitations were for the next two days or next couple weeks?

A. I don't know.

Q. Okay. Do you -- Have you inquired as to whether or not when someone puts in a report after an examination like this saying what the restrictions are, that it doesn't mean on a temporary basis, it means permanently unless it says otherwise?

A. No, I'm not aware of that.

Q. And did you or anyone in your team that made the decision to terminate Mr. Dobosz ever inquire about that?

A. No.

Q. So no one called this place and asked them, before you decided to terminate him, were these permanent restrictions in 2009?

Michelle Carter                    Dobosz vs. Quaker Chemical Corporation

evidence yesterday while you were here showed that he had permanent impairment?

A.   Down here at the bottom it says --

Q.   Excuse me.  Excuse me.  Pardon me?

A.   Down here it says permanent impairment percentage.

MR. GARRAUX:  Let the record reflect the witness is referring to the June 2013 Lakeshore report.

BY MR. LAYER:

Q.   Okay.  I thought someone said here that it didn't say permanent impairment.  I thought I heard someone say that.  Maybe not.

So he did have permanent impairment, right?

A.   According to this document, yes.

Q.   And you determined because of that, or because of his physical limitations, to fire him, right?

A.   We evaluated the permanent restrictions that were reported in this documentation against what we understood the job responsibilities to be with -- that was part of our decision-making process.

Q.   Okay.  So he no longer had a job after his -- after you terminated him, right, at Quaker, right?

A.   His termination date of September 5th.

Q.   Right.  He no longer had a job --

A.   Correct.

employment at 65 years of age after being injured twice at that job, would've been a good thing to do on the part of his employer to make an informed decision as to whether or not he could really do the job or not?

A. The team decided we had the information necessary to make that decision.

Q. Without any input from the treating physician except the impairment rating and the permanent restrictions, correct?

A. That's correct.

Q. Now, are you aware that -- What was the last name, if you know, of the young man who was called in to sub for Tom when he was hurt?

A. The temporary?

Q. Yeah.

A. Scott was his last name.

Q. Scott. Is it Steven or Stefan?

A. Stefan.

Q. Okay. Are you aware that Stefan told Mr. Norvanis that nobody from Quaker ever asked him whether he needed help to do the job or whether he could do the job or what he had to do in the job? Are you aware of that, that he told --

A. No, I'm not.

Q. That he said, "Nobody ever asked me"?

Michelle Carter                    Dobosz vs. Quaker Chemical Corporation

who did?

A.  No.

Q.  Okay.

MR. GARRAUX:  Would now be an appropriate time for that quick break?

MR. LAYER:  I have a little bit more, but go ahead, and I'll get my thoughts together and see how many thousands more questions I have.

(A short break was had.)

BY MR. LAYER:

Q.  Would you describe your decision -- Well, strike that.

The August 7th letter, is it fair to say that basically you're saying, "You're being terminated by September" -- or whatever date it says, 30 days, I guess -- "unless you come up with some alternative solutions"?

A.  Yes.

Q.  Okay.  Was it a -- Would you call it a tentative employment decision?

A.  Yes.

Q.  Sound like it's permanent to me, unless he does something, right?

A.  Well, correct.

Q.  I mean, you're done unless you come to us with

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION


THOMAS DOBOSZ,)
        Plaintiff,     )
        vs.          ) No. 2:15 CV 00203
QUAKER CHEMICAL
CORPORATION,
        Defendant.   )


     I, MICHELLE CARTER, state that I have read the foregoing transcript of the testimony given by me at my deposition on the 3rd day of February, 2016, and that said transcript constitutes a true and correct record of the testimony given by me at the said deposition except as I have so indicated on the errata sheets provided herein.

                _____
                MICHELLE CARTER

No corrections (Please initial)
_____
Number of errata sheets submitted
_____ (pgs.)

SUBSCRIBED AND SWORN to
before me this _____ day
of _____, 2016.


_____
     NOTARY PUBLIC

UNITED STATES OF AMERICA          )
NORTHERN DISTRICT OF ILLINOIS     )
EASTERN DIVISION                  )     SS.
STATE OF INDIANA                  )
COUNTY OF PORTER                  )

I, Jessica M. Warner Phipps, Certified Shorthand Reporter and Notary Public, do hereby certify that MICHELLE CARTER was first duly sworn by me to testify to the whole truth and that the above deposition was reported stenographically by me and reduced to typewriting under my personal direction.

I further certify that the said deposition was taken at the time and place specified and that the taking of said deposition commenced on the 3rd day of February, A.D., 2016, at 9:51 a.m.

I further certify that I am not a relative or employee or attorney or counsel of any parties, nor a relative or employee of such attorney or counsel, nor financially interested directly or indirectly in this action.

In witness whereof, I have hereunto set my hand at Chicago, Illinois, this 22nd day of February, A.D., 2016.

_____
JESSICA M. WARNER PHIPPS, RPR
161 North Clark Street
Suite 2575
Chicago, Illinois 60601
Phone: (312) 223-9201

CSR No. 084-004485