# EXHIBIT 7

Merrilville Legal/Claim 08-A42004-00
Claim No: _____
Document Type:
___Medical ✓Litigation ___Other _____
**DO NOT SEPARATE/SCAN AS ONE DOCUMENT**

## BEFORE THE INDIANA WORKER'S COMPENSATION BOARD

THOMAS DOBOSZ,          )
                        )
        Plaintiff,      )
                        )
   v.                   )    DATE OF INJURY: April 20, 2012
                        )    A-1224718
QUAKER CHEMICAL CORPORATION,  )
                        )
        Defendant.      )

## COMPROMISE SETTLEMENT AGREEMENT

### I. SETTLEMENT AGREEMENT

COMES NOW Plaintiff, Thomas E. Dobosz, of his own volition, in person and without counsel and comes also Defendant, Quaker Chemical Corporation, by counsel, Jane R. Callies and enter into this Agreement.

1. That the parties agree that the Worker's Compensation Board of Indiana has jurisdiction of said claim and said Board may take such further action as is necessary to carry out the provisions of this Compromise Settlement Agreement at the Indianapolis offices of said Board and without further notice to the parties hereto, which notice is hereby respectively waived.

2. That the Parties agree that any Order of the Worker's Compensation Board of Indiana approving the terms of this Agreement shall constitute an approval of this Compromise Settlement Agreement and waiver by Plaintiff of any worker's compensation rights and benefits Plaintiff may hereafter have, arising out of this injury, under the Laws of any State.

3. Plaintiff knows and acknowledges that he has the right to seek the advice of an attorney before entering into this agreement.

4. That Plaintiff was an employee of the Defendant on April 20, 2012 at an average weekly wage of $1,081.31.



FILED
SEP 09 2013
Workers Compensation
Board of Indiana

SEP 13 2013



EXHIBIT
Dobosz
10
2/2/14

DEFS000193

5.    That on or about said date, during the said employment, Plaintiff was injured by accident arising out of and in the course of employment with Quaker Chemical Corporation, where he slipped on a stair, which resulted in him landing on his buttock. He ultimately underwent a C4-5 fusion.

6.    Plaintiff reached maximum medical improvement on or before June 24, 2013 with a Permanent Partial Impairment (PPI) of 7%, per Dr. Nikola Nenadovich. (See report attached as Exhibit A.)

7.    Plaintiff alleges permanent injuries from the work-related accident.

8.    Defendant disputes the extent of the injuries and the extent of any permanent injuries to Plaintiff.

9.    By reason of the disputes set forth above, and with the knowledge of the uncertainty of the outcome of the litigation, and expense of continued litigation of said claims and the desire by the parties that their differences be resolved and a willingness on the part of Plaintiff to give up any workers compensation rights the Plaintiff may hereafter acquire in connection with the work injuries listed above, the parties have agreed that the Plaintiff's claim be compromised and settled at and for the lump sum of sixteen thousand eight hundred dollars and no cents ($16,800.00).

10.    The Plaintiff hereby specifically waives and gives up all further worker's compensation rights the Plaintiff may have under the Laws of any state, arising out of this alleged employment related accident, and further agree that the approval by the Worker's Compensation Board of Indiana, carrying into effect the provisions of this Compromise Settlement Agreement, shall be deemed by the parties to constitute an approval of the settlement set forth herein.

11.    The parties waive their right to appeal this cause or to have the same reviewed by the Full Worker's Compensation Board of Indiana pursuant to the Indiana Code and Rules of the

DEFS000194

Worker's Compensation Board of Indiana, upon issuance of an Award pursuant to the stipulation herein.

12. This Agreement is entered into by and between the parties solely to effectuate this Compromise Settlement Agreement and approval thereof by the Worker's Compensation Board of Indiana pursuant to I.C. 22-3-2-15 and this Agreement and this stipulation shall be of no force or effect in the absence of the entry of an order or Award authorizing and/or directing such settlement by the parties.

13. Plaintiff understands that if the Board approves this settlement, he will have no future claim to any benefits, compensation or medical payments from the Defendant or the Second Injury Fund in regard to this alleged employment related injury, regardless of whether there is a change of condition.

## II. MEDICARE SET-ASIDE AGREEMENT

14. Pursuant to 42 U.S.C. 1395y *et seq.*, 42 C.F.R. §411.20-§411.47, the Medicare Intermediary Manual and certain Memorandums or FAQ's issued by CMS, the parties acknowledge their duty to adequately consider Medicare's interest in this workers' compensation settlement by not shifting the health care burden of this claim to Medicare. The parties also recognize their duty to compensate Medicare for any conditional payments made by it. The parties have complied with their duties under the law in the following manner.

15. According to 42 C.F.R. §411.46, a lump-sum compromise settlement is a settlement that "forecloses the possibility of future payments of workers' compensation benefits." That regulation and MIM §3407.7 and MCM §2370.7 also provide that a lump-sum compromise settlement is a "settlement which provides less in total compensation than the individual would have received if the claim has not been compromised." *See* MIM §3407.1(E) and MCM §2370.1 for the definition of "lump-sum compromise settlement" as it is used in MIM §3407.7 and MCM §2307.7.

DEFS000195

16. Thomas E. Dobosz is receiving less in total compensation than he would receive if this claim was not settled on a compromise and is foreclosing any future possibility of future medical payments. Therefore, by definition, this is a lump-sum compromise settlement.

17. Thomas E. Dobosz suffered a cervical injury with right arm pain which has completely resolved. No future medical care is indicated. Medicare's interests have been considered and as no future medical care is necessary, no settlement funds have been set-aside for future medical care.

18. In the April 22, 2003 CMS indicated the following:

It is unnecessary for the individual to establish a set-aside arrangement for Medicare if all of the following are true:

a) The facts of the case demonstrate that the injured individual is only being compensated for past medical expenses (i.e., for services furnished prior to the settlement);

b) There is no evidence that the individual is attempting to maximize the other aspects of the settlement (e.g., the lost wages and disability portions of the settlement) to Medicare's detriment; and

c) The individual's treating physicians conclude (in writing) that to a reasonable degree to medical certainty the individual will no longer require any Medicare-covered treatments related to the WC injury.

The above cited law, regulations and CMS memo result in no need for the establishment of a Medicare Set-Aside.

IN WITNESS WHEREOF, the Parties have executed this Compromise Settlement Agreement on this 5 day of SEPTEMBER, 2013.

By: _____
Thomas E. Dobosz, pro se, Plaintiff

DEFS000196

Quaker Chemical Corporation

· By: Jane R. Callies, #21912-45A
Attorney for Defendant

DEFS000197

## WORKER'S COMPENSATION BOARD OF INDIANA APPROVAL

The above and foregoing Compromise Settlement Agreement is hereby approved and made a part of the record herein this _12th_ day of _September_, 2013.

WORKER'S COMPENSATION BOARD

_Linda Hamilton_
Chairman

Copies to:

JANE R. CALLIES
LAW OFFICES OF THE
LIBERTY MUTUAL GROUP
707 E. 80th Place, Suite 101
Merrillville, IN 46410

Thomas E. Dobosz

DEFS000198