## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| THOMAS DOBOSZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.:  2:15-CV-00203 |
| | ) | |
| QUAKER CHEMICAL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION TO ADDITIONAL WITNESS

The defendant apparently suggested that plaintiff or plaintiff's counsel purposely delayed and waited until April 7, 2016 to file his Motion after notifying and requesting agreement from counsel on or about March 24, 2016, which was just nine (9) days after close of discovery.

Actually, as indicated by the attached e-mail, plaintiff's counsel found out from his client about an additional witness who could testify on the same subject as Brian King who was previously disclosed as indicated in the Motion and as indicated in the attached e-mail to the defense counsel. After reading his deposition, the plaintiff notified counsel of a possible additional witness as to an issue that arose during the deposition.

Plaintiff's counsel called the defense counsel on his way out of state asking for an agreement, or asking if they had no objection to adding said additional witness.

Plaintiff's counsel did not get an answer until he came back and e-mailed the defense counsel reminding them of the call last week, at which time they objected via e-mail and plaintiff's counsel thereupon filed his Motion.

Contrary to what defense counsel suggests, plaintiff's counsel is not asking to "re-do" discovery.

As stated, the subject matter of this new witness' testimony is similar, if not identical, to that of Brian King, a witness previously disclosed, whom plaintiff indicated had knowledge of plaintiff's job, the physical requirements in his ability to accomplish same.

The defense counsel chose not to take his deposition. Actually, defense counsel only took the deposition of the plaintiff. So, to suggest by adding a witness with the same testimony as a witness previously disclosed who was not deposed at the election of defendant is not an accurate portrayal of what has occurred, and certainly, should not be alarming or unsuspected.

As indicated in the Motion, the plaintiff, for the first time to the best of his recollection, was presented with a document which may be contended that he signed, which he did not, describing his physical requirements of his job which, in plaintiff's view, overstate the physical requirements of the job. Defendant has failed to produce the documents signed by anyone and the deposition of Michelle Carter of Human Resource, who supposedly signed the document, could not produce a copy that she signed and said she did not know where one was.

Again, contrary to defendant's suggestion, plaintiff is not asking to reopen discovery, but was simply stating what he stated to defense counsel, that if they wanted to reopen for the purpose of taking this gentleman's deposition even though they chose not to take the deposition of someone previously identified with testimony on the same subject matter, plaintiff's counsel would have no objection. Rather than being disconcerting, plaintiff's counsel was just trying to be accommodating.

As stated, it is believed that the defendant cannot be harmed by this additional witness, they chose not to take the deposition of one witness identified for the same subject matter, the fact that

2

another witness is going to testify on the same subject that they chose not to depose should not cause them any harm, and plaintiff should be allowed to add this witness to address the issue of the potential overstatement of the physical requirements of plaintiff's job which led to his termination, which led to this lawsuit.

Respectfully submitted,

**LAW OFFICE OF RONALD F. LAYER, P.C.**
Attorney for Plaintiff


By: /s/Ronald F. Layer
Ronald F. Layer (8724-45)
3235 45th Street, Suite 304
Highland, IN  46322
Tel:  (219) 924-4511


## CERTIFICATE OF SERVICE

I hereby certify that on the **25th** day of April, 2016, I have electronically filed the foregoing with the Clerk of the Court using CM/CM/ECF system which sent notification of such filing to all counsel of record:

Terence M. Austgen
BURKE COSTANZA & CARBERRY, LLP
9191 Broadway
Merrillville, IN  46410

David J. Garraux
FOX ROTHSCHILD, LLP
BNY Mellon Center
500 Grant Street, Suite 2500
Pittsburgh, PA  15219

Attorneys for Defendant,
Quaker Chemical Corporation


By:  /s/ Ronald F. Layer

3