**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| THOMAS DOBOSZ, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:15-CV-203-PRC |
| | ) | |
| QUAKER CHEMICAL CORPORATION, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Leave of Court to Add Witness [DE 20], filed by Plaintiff Thomas Dobosz on April 8, 2016. Defendant Quaker Chemical Corporation filed a response on April 22, 2016, and Plaintiff filed a reply on April 25, 2016.

On July 16, 2015, the Court issued a Scheduling Order, setting the discovery deadline for January 15, 2016, and the dispositive motion deadline for February 15, 2016.

In Plaintiff's August 2015 Initial Disclosures, Plaintiff listed as a witness Brian King, a Michigan resident, who was described as having worked with Plaintiff and was familiar with Plaintiff's job, his injury, and his ability to do his job physically.

On December 14, 2015, the Court extended the discovery deadline to March 15, 2016, and the dispositive motion deadline to April 15, 2016.

On February 2, 2016, Plaintiff's deposition was taken. Plaintiff did not sign the waiver, and, on February 18, 2016, counsel forwarded the deposition to Plaintiff for his review in Florida, where he lives. Plaintiff has not returned an errata sheet.

In the instant motion, Plaintiff represents that, "[i]n reading the deposition, it became apparent to the plaintiff that the defendant was overstating his work requirements and claims that the plaintiff was not able to or was not doing his job, notwithstanding the fact that plaintiff continued

to work after his injury until his surgery." (Pl. Mot. 1). As a result, Plaintiff determined that there were one or two individuals who had knowledge of Plaintiff's job requirements and his ability to complete his job. Plaintiff made arrangements to talk with these individuals.

On March 15, 2016, discovery closed.

On March 24, 2016, Plaintiff notified his counsel by telephone of a potential witness to be added, and, on March 31, 2016, Plaintiff confirmed by email that the individual is John V. Cargal of Dyer, Indiana. Counsel for Plaintiff then notified counsel for Defendant that Plaintiff wished to add Cargal as a witness and proposed reopening discovery if Defendant wished to depose Cargal. Plaintiff explained that Cargal's testimony would be similar to that of the previously disclosed witness, Brian King. Defendant opposed the addition of Cargal as a witness.

On April 6, 2016, the parties filed a joint motion to extend the dispositive motion deadline, which the Court granted on April 7, 2016, extending the dispositive motion deadline to April 22, 2016.

In the instant motion, filed the next day, April 8, 2016, Plaintiff asks the Court to allow him to add John V. Cargal as a witness. Plaintiff argues that Defendant is not harmed because Cargal would give testimony on the same subject matter that Brian King was going to testify about and Defendant chose not to take the deposition of Brian King. Plaintiff also suggests it would be more convenient to take the deposition of Cargal, who lives locally, than of King, who is in Michigan. In the April 8, 2016 motion, Plaintiff also notes that the summary judgment deadline had recently been extended. Defendant makes several arguments in opposition to the motion.

On April 22, 2016, Defendant filed a Motion for Summary Judgment.

2

The Court finds that the instant motion is untimely and that Plaintiff has not shown good cause for amending the scheduling order. First, Plaintiff has not explained why he did not identify Cargal in his initial disclosures, during discovery prior to his deposition, at his deposition, or following his deposition but before the close of discovery. Plaintiff worked at the same steel mill in Indiana for nearly his entire career, including more than ten years with Defendant; Plaintiff offers no explanation as to why Cargal was not listed along with King in the initial disclosures.

Second, it is unclear how Plaintiff's own deposition testimony, reviewed several weeks later, revealed to him that Defendant was "overstating his work requirements." It was Plaintiff's deposition; Defendant did not give testimony during the deposition. Even if Plaintiff sensed certain implications or suggestions in Defendant's questioning during his deposition on February 2, 2016, Plaintiff had more than sufficient time to disclose Cargal before the March 15, 2016 discovery cutoff.

Third, Plaintiff did not mention Cargal during his deposition testimony. In fact, Plaintiff testified that he worked alone and was a "one-man show" and "the only guy in town at this facility." (Exh. 1 to Def. Statement of Facts in Support of Summary Judgment). Thus, it is not clear what relevant information Cargal would have.

Fourth, in the same vein, Plaintiff will not be prejudiced by not being permitted to disclose Cargal because Plaintiff has already disclosed Brian King as a potential witness on the very same topic for which he wishes to disclose Cargal.

Finally, Defendant would be prejudiced by the late disclosure because discovery has closed, and the timing of Plaintiff's motion was such that the dispositive motion deadline was the same date that Defendant's response to the instant motion was due. Defendant timely filed its Motion for

Summary Judgment. If the Court were to allow the requested disclosure and reopen discovery, the Court would have to allow Defendant the opportunity to file an amended dispositive motion and would likely need to reset the trial date as a result.

For all these reasons, the Court hereby **DENIES** the Motion for Leave of Court to Add Witness [DE 20].

SO ORDERED this 6th day of May, 2016.

/s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT