**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| THOMAS DOBOSZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.:  2:15-CV-00203 |
| | ) | |
| QUAKER CHEMICAL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

### INDEX OF EXHIBITS TO PLAINTIFF'S RESPONSE TO
### MOTION FOR SUMMARY JUDGMENT AND TO
### STATEMENT OF MATERIAL FACTS

Pursuant to Rule 5-4(a), Local Rules of Northern District of Indiana, plaintiff hereby submits

Index of Exhibits to Plaintiff's Statement of Material Facts as follows:

**Exhibit 1 -**    Excerpts from deposition of Thomas Dobosz.

**Exhibit 2 -**    Excerpts from deposition of Michelle Carter.

**Exhibit 3 -**    Attestation of United States Government Department of Equal Employment Opportunity Commission, Indianapolis District, by Webster Smith, Director, as to authentication of business records, including Letter of Determination of EEOC charge, investigative findings of 3/16/14 and 9/18/14.  *(Carter dep., Ex. 11, 12 and 13)*.

**Exhibit 4 -**    APAC permanent impairment rating of 9/25/06.  *(Carter dep., Ex. 1)*.

**Exhibit 5 -**    Indiana Worker's Compensation form for 2005 settlement.

**Exhibit 6 -**    Health Resources permanent restrictions dated 1/27/09.  *(Carter dep., Ex. 2)*.

**Exhibit 7 -**    Indiana approved Compromise Settlement for 2012 injury.  *(Deft's MSJ, Ex. 1)*.

**Exhibit 8 -**    Permanent restrictions by treating physicians after 2012 injury dated 6/24/13. *(Deft's MSJ, Ex. 9),* with June 27th e-mails, pgs. 1-2. *(Carter dep., Ex. 8).*

**Exhibit 9 -**    E-mail from Michelle Carter to Thomas Dobosz regarding prior permanent restrictions dated 8/28/12. *(Carter dep., Ex. 4).*

**Exhibit 10 -**    Physical demand analysis with cover e-mail. *(Deft's MSJ, Ex. 10; Carter dep., Ex. 6).*

**Exhibit 11 -**    Termination letter from Michelle Carter to Thomas Dobosz dated 8/7/13. *(Dobosz, Ex. 21; Deft's MSJ, Ex. 8).*

**Exhibit 12 -**    Request for Production regarding Mittal Steel complaint Dobosz not doing job and reply letter admitting no written documentation exists from said steel mill.

**Exhibit 13 -**    Proof plaintiff, Thomas Dobosz, did <u>not</u> refuse to sign his deposition, i.e., signature page with e-mail confirmation and receipt acknowledged.

**Exhibit 14 -**    Affidavit of Brian King.

**Exhibit 15 -**    Affidavit of Thomas Dobosz.


Respectfully submitted,

**LAW OFFICE OF RONALD F. LAYER, P.C.**
Attorney for Plaintiff


By: /s/Ronald F. Layer
Ronald F. Layer (8724-45)
3235 45th Street, Suite 304
Highland, IN  46322
Tel:  (219) 924-4511

2

## CERTIFICATE OF SERVICE

I hereby certify that on the **7th** day of June, 2016, I have electronically filed the foregoing with the Clerk of the Court using CM/CM/ECF system which sent notification of such filing to all counsel of record:

Terence M. Austgen
BURKE COSTANZA & CARBERRY, LLP
9191 Broadway
Merrillville, IN 46410

David J. Garraux
FOX ROTHSCHILD, LLP
BNY Mellon Center
500 Grant Street, Suite 2500
Pittsburgh, PA 15219

Attorneys for Defendant,
Quaker Chemical Corporation


By: /s/ Ronald F. Layer

3